### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANAGNOSTIS MATULAS, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 06-768<br><br>JURY TRIAL DEMANDED |

### ANSWER TO COMPLAINT AND COUNTERCLAIM

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. a.   Admitted.

   b.   Admitted.

   c.   Admitted that the response is in the negative on the form.  Denied that Mr. Matulas denied the information requested.  Mr. Matulas told Mr. Stinger that he had been seen 4 to 5 years ago.  Mr. Stinger completed the form in the negative because Mr. Matulas had no long-term effects from his prior injury.

   d.   Admitted that the response is in the negative on the form.  Denied that Mr. Matulas denied the information requested.  Mr. Matulas told Mr. Stinger that he had been

seen 4 to 5 years ago. Mr. Stinger completed the form in the negative because Mr. Matulas had no long-term effects from his prior injury..

  e. Denied. The question was not answered.

  f. Denied. The response was left blank. Mr. Stinger apparently chose not to complete the answer. Mr. Matulas did provide details for questions asked by Mr. Stinger. Admitted that the response was not completed.

 8. a. Admitted that the application says that Mr. Matulas read the application and that he agreed with the information as stated in the first paragraph on page 8; however, he denies that he read the application or made any certification to Mr. Stinger other than that he had had a previous injury and that he was recovered.

  b. Admitted that the application says that Mr. Matulas read the application and that he agreed with the information as stated in the first paragraph on page 8; however, he denies that he read the application or made any certification to Mr. Stinger other than that he had had a previous injury and that he was recovered.

  c. Admitted that the application says that Mr. Matulas read the application and that he agreed with the information as stated in the first paragraph on page 8; however, he denies that he read the application or made any certification to Mr. Stinger other than that he had had a previous injury and that he was recovered.

 9. Admitted.

 10. Admitted.

 11. a. Denied. Mr. Matulas did not have a family doctor. The form speaks for itself. No doctor's name was supplied.

      b.      Denied. The form speaks for itself. The response on the form was unresponsive because Mr. Matulas did not have a family doctor and believed there was nothing to report.

      c.      Denied. The answer speaks for itself. Admitted that the form has a negative response to question 5(a). The answers to question 5 were completed by Mr. Stinger.

      d.      Denied. The answer speaks for itself. Admitted that the form has a negative response to question 5(a). The answers to question 5 were completed by Mr. Stinger.

12.  a.      Denied. Mr. Matulas admits that eh form says he has read the answer; however, he did not, in fact, read the answer.

      b.      Denied.

      c.      Denied.

      d.      Denied.

13.  Denied.

14.  Admitted.

15.  Admitted.

16.  Admitted.

17.  a.-h.    Denied. The statements provided in a-h are correct; however, they were not misrepresented to Mr. Stinger. Mr. Stinger was made aware of the prior injury. Mr. Stinger was not interested in the particulars of that injury.

18.  Admitted.

19.  Admitted.

## COUNT I

20. Defendant incorporates in his answers to paragraphs 1 through 19.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, Defendant moves that the relief requested by Plaintiff is denied.

## COUNT II

25. Defendant incorporates by reference his answers to paragraphs 1 through 24.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Defendant respectfully requests that the relief requested by MetLife be denied.

## COUNT III

30. Defendant incorporates by reference his responses to paragraphs 1 through 29.

31. Admitted that the Defendant entered into a contractual relationship. This allegation is denied in that it suggests that Defendant did not provide true and complete information in the application to MetLife.

32. Denied.

WHEREFORE, Defendant respectfully requests that the request for relief by Plaintiff be denied.

## **COUNTERCLAIM**

1. At all times pertinent, Bill Stinger was an agent of Metropolitan Life Insurance Company.

2. Bill Stinger met with Defendant on or about November 16 and December, 8, 2004, to complete the application and paramedical forms for disability insurance. Shortly before November 16, 2004, Bill Stinger had contacted Defendant to discuss disability insurance.

3. Bill Stinger interviewed Defendant and filled out the insurance application and part of the paramedical forms.

4. During the process of filling out the form, a question came up concerning previous illnesses or injuries.

5. Defendant told Bill Stinger that approximately 4 to 5 years ago he was involved in an accident and he had hurt his back and that he had some treatment for it, but had recovered from the injury and it did not prevent him from working.

6. Bill Stinger advised Defendant that since he had recovered from that injury there was no need to report that information on the application or form.

7. Accordingly, Bill Stinger, in completing the application, indicated that there had been no previous injury or medical treatment.

8. On or about December 14, 2004, Defendant purchased disability insurance with a total annual premium of $3,343.69. That policy provided that in the event Defendant became disabled and could not perform his past work he would be entitled to benefits in the amount of $4,100.00 per month after an elimination period of 90 days.

9. On March 15, 2005, Defendant purchased additional disability benefits with a total annual premium of $211.93. This application did not ask specific questions about prior injuries. The additional disability benefits entitled him to $450.00 per month after an elimination period of 90 days.

10. On or about October 14, 2005, Defendant had surgery on his right foot and as a result of the surgery he is unable to work at his former job, which is a restaurant owner. Because of his foot surgery he is not able to stand. The nature of his job as the owner of a pizza restaurant was that he was on his feet all day long.

11. Defendant is still not able to return to work full-time.

12. On or about November 16, 2004, Defendant requested benefits pursuant to his disability insurance policy.

13. On June 8, 2006, Plaintiff denied Defendant's claim based upon Defendant's treating physician's note (Dr. Steel) that he was able to walk 10 hours a day with no obvious limp.

14. Defendant appealed that decision based upon Dr. Steel's note of June 13, 2006.

15. In a letter dated September 28, 2006, Dr. Steel suggested that Defendant would be out of work for at least 6 months from the time of the surgery.

16. On October 6, 2006, Plaintiff denied Defendant benefits because Defendant had not provided material information in the course of completing his application.

17. Plaintiff stated in its October 6, 2006, letter that because Defendant's application failed to disclose material facts Plaintiff has rescinded the policy and declared it null and void, denying any liability.

18. A refund check was sent to Defendant in the amount of $6,312.03. That refund check was subsequently returned to MetLife.

19. The representation made on the application should not be grounds for denying the policy for the following reasons:

a) Defendant, in fact, did supply the correct information and it was the agent who made the determination that the information was not necessary to put in the application. Plaintiff should be estopped from now denying the disability benefits.

b) The representations were not fraudulent.

c) The representations were not material to the acceptance of the risk or to the hazard assumed by the insurer.

d) The insurer, in good faith, would have issued the policy had the information been supplied to it.

WHEREFORE, Defendant seeks:

a) A declaratory judgment that the policy should have been enforced;

b) Judgment in the amount of $4,550.00 per month from January 15, 2006, to the present, plus punitive damages and attorney's fees and costs.

GRADY & HAMPTON, LLC

　　　/S/　　John S. Grady　　　
John S. Grady, Esquire (009)
6 N. Bradford Street
Dover, DE 19904
(302) 678-1265
*Attorneys for Defendant*

DATED: January 18, 2007

7