IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | : CIVIL ACTION No. 06-CV-768 |
| Plaintiff, | |
| v. | |
| ANAGNOSTIS MATULAS | |
| Defendant. | |

**PLAINTIFF, METROPOLITAN LIFE INSURANCE COMPANY'S ANSWER AND <u>AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM</u>**

AND NOW, Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, White and Williams LLP, responds to the allegations in the Counterclaim of Defendant Anagnostis Matulas ("Matulas" or "Defendant") and answers as follows:

1. MetLife denies the allegations contained in paragraph "1" of the Counterclaim.

2. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Counterclaim.

3. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the Counterclaim.

4. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Counterclaim.

5. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Counterclaim.

6. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Counterclaim.

7. MetLife denies the allegations contained in paragraph "7" of the Counterclaim.

8. MetLife denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Counterclaim. MetLife admits that Disability Income Insurance Policy Number 6445299 Ah was issued to Matulas with an effective date of December 17, 2004 and is attached to the Complaint as Plaintiff's Exhibit "3" ("Policy"). MetLife admits that the Policy is a writing that speaks for itself. To the extent the allegations of paragraph "8" of the Counterclaim are inconsistent with the terms of the Policy, such allegations are denied.

9. MetLife admits that on or about March 15, 2005 Defendant purchased disability income coverage. MetLife further admits that the application for the additional coverage did not ask specific questions about prior injuries. MetLife denies the remaining allegations of paragraph "9" of the Counterclaim.

10. MetLife admits upon information and belief, that Matulas had surgery on his right foot on or about October 14, 2005. MetLife denies the remaining allegations in paragraph "10" of the Counterclaim.

11. MetLife denies the allegations in paragraph "11" of the Counterclaim.

12. MetLife admits that Matulas filed a claim for benefits under the Policy. MetLife denies any remaining allegations in paragraph "12" of the Counterclaim.

13. MetLife admits that Matulas' claim was denied. MetLife denies the remaining allegations contained in paragraph "13" of the Counterclaim.

14. MetLife admits that Matulas submitted an appeal through his attorney. MetLife denies the remaining allegations in paragraph "14" of the Counterclaim.

15. MetLife submits that the letter dated September 28, 2006 is a writing that speaks for itself. To the extent the allegations of paragraph "15" of the Counterclaim are inconsistent with the terms of the letter dated September 28, 2006, such allegations are denied.

16. MetLife admits that Matulas' appeal was denied. MetLife submits that the October 6, 2006 letter is a writing that speaks for itself. To the extent the allegations of paragraph "16" are inconsistent with the terms of the letter dated October 6, 2006, such allegations are denied.

17. MetLife submits that the October 6, 2006 letter is a writing that speaks for itself. To the extent the allegations of paragraph "17" of the Counterclaim are inconsistent with the terms of the letter dated October 6, 2006, such allegations are denied.

18. MetLife admits the allegations in paragraph "18" of the Counterclaim.

19. MetLife denies the allegations in paragraph "19" of the Counterclaim.

NYCDMS 19814v.1

a) MetLife denies the allegations in paragraph "19(a)" of the Counterclaim.

b) MetLife denies the allegations in paragraph "19(b)" of the Counterclaim.

c) MetLife denies the allegations in paragraph "19(c)" of the Counterclaim.

d) MetLife denies the allegations in paragraph "19(d) of the Counterclaim.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant dismissing the Counterclaim with prejudice and entering judgment in favor of the Plaintiff on the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The relief set forth in the Counterclaim is barred by Delaware Statute 18 Del. C. § 2711.

### SECOND AFFIRMATIVE DEFENSE

The misrepresentations made by Matulas on the Application and Paramedical Exam, set forth in paragraphs 7 and 11 of the Complaint were made by Matulas in bad faith.

### THIRD AFFIRMATIVE DEFENSE

In the alternative, Matulas is not now, nor has he ever been Totally Disabled as that term is defined in the Policy.

### FOURTH AFFIRMATIVE DEFENSE

4

Matulas is estopped from asserting that he supplied accurate information to the producer while admitting that he executed the certifications on the Application and Paramedical Exam as alleged in paragraphs 8 and 12 of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Matulas is not entitled to an award of punitive damages as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's demand for damages is precluded and barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's claim for relief is barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is not now, nor has he been at any time pertinent hereto, disabled within the terms of the applicable insurance policy.

### NINTH AFFIRMATIVE DEFENSE

MetLife at all times has objectively and fairly administered Defendant's claim for benefits under the applicable insurance policy.

### TENTH AFFIRMATIVE DEFENSE

MetLife owes no obligation under the applicable insurance policy to pay benefits as alleged in the Counterclaim.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has not submitted appropriate or sufficient proof of his claim of total or residual disability.

WHITE AND WILLIAMS LLP

BY: *James S. Yoder*
James S. Yoder (DE 2643)
Robert Wright (NY RW-0971)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Attorneys for Plaintiff,
METROPOLITAN LIFE
INSURANCE COMPANY

Dated: February 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

METROPOLITAN LIFE INSURANCE COMPANY,

   Plaintiff,

v.

ANAGNOSTIS MATULAS,

   Defendant.

:
:
:
:
: CIVIL ACTION NO. 06-CV-768
:
:
:
:
:

### CERTIFICATE OF SERVICE

I, James S. Yoder, Esquire, do hereby certify that a true and correct copy of Plaintiff, Metropolitan Life Insurance Company's **Answer & Affirmative Defenses** to Defendant's Counterclaim was served via First Class Mail on the party listed below:

> Mr. Anagnostis Matulas
> 109 Brook Meadow Road,
> Wilmington, DE 19807-2139

WHITE AND WILLIAMS LLP

BY: *James S. Yoder*
James S. Yoder (DE 2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Attorneys for Plaintiff,
METROPOLITAN LIFE
INSURANCE COMPANY

Dated: February 6, 2007

WILDMS 140951v.1