**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON
LAURA F. BROWNING

DOVER    (302) 678-1265
SUSSEX   (302) 855-1313
FAX      (302) 678-3544

March 12, 2007

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Lock Box 19
Wilmington DE  19801

    RE:    Metropolitan Life Insurance Company v. Matulas
           C. A. No. 06-768 (GMS)

Dear Judge Sleet:

    I am in receipt of the Court's order dated March 7, 2007, requesting a joint status report for this case.

    I did speak to Mr. Wright, the New York counsel for Metropolitan. This report represents a joint report.

## JOINT STATUS REPORT

    1.    **Jurisdiction and Service.**  Counsel believes this Court does have jurisdiction. I do not believe there are any jurisdictional issues.

    2.    **Substance of the Action.**  Plaintiff has claimed that Mr. Matulas misrepresented his medical condition at the time of completing a disability insurance application. Plaintiff asserts that, in fact, the correct information was supplied to the agent and that it was completed according to the instruction of the agent. Mr. Matulas represents that he did tell the agent all of the pertinent information about his prior medical claims. Mr. Matulas has filed a counterclaim against Metropolitan Life Insurance Company.

The Honorable Gregory M. Sleet
March 12, 2007
Page 2

    3.    **Identification of Issues.**  The significant factual dispute in question is what happened in the conversation between Mr. Matulas and the agent at the time of the application being completed.  The legal issue is whether or not, based upon the fact finding, Metropolitan Life should have honored the disability policy.

    4.    **Narrowing of Issues.**  The primary issue is a fact dispute for which there will have to be fact finding.

    5.    **Relief.**  The Plaintiff seeks declaratory judgment that Defendant is not entitled to disability.  Defendant seeks judgment that he is entitled to disability.  Defendant's claim is that he is entitled to disability benefits in the amount of $4,550.00 per month from January 15, 2006, to the present, plus punitive damages and attorney's fees and costs.

    6.    **Amendment of Pleadings.**  None.

    7.    **Joinder of Parties.**  None.

    8.    **Discovery.**  Defendant will wish to take the deposition of the agent.  Plaintiff will also want to take the deposition of Defendant.  Defendant would also wish to have some written discovery.  Both parties may require experts addressing the underwriting question of the significance of the medical information.

    9.    **Estimated trial length.**  2 days.  We do not believe it is feasible or desirable to bifurcate issues for trial.  The trial primarily revolves around the factual testimony concerning the application process.

    10.    **Jury trial.**  Yes.

The Honorable Gregory M. Sleet
March 12, 2007
Page 3

      11.    **Settlement.**  There have been no settlement discussions.  Both parties agree that mediation would be helpful, but after the depositions of the agent and the Defendant.

      12.    None.

Counsel has conferred on this status report.

                            Sincerely yours,

                              /S/  John S. Grady
                              John S. Grady

JSG:rlw
cc:    Robert Wright, Esq.
       James Yoder, Esq.